IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ANTHONY CARL ECCARIUS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.  25-cv-04668-CRB<br><br>**ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER** |

Plaintiff Anthony Carl Eccarius seeks ex parte a temporary restraining order to enjoin the President of the United States and the "Department of Governmental Enforcement" (by which he apparently means the Department of Government Efficiency, or DOGE) from "all [] operations, funding, regulatory actions, or enforcement" and to enjoin "any military or National Guard deployment in law enforcement and surveillance functions." Mot. (dkt. 8) at 2–3. Eccarius states that he seeks an injunction (as well as $21 million in "symbolic damages") in order "to signal a necessary public reckoning and restoration of constitutional fidelity." Id. at 3.

Eccarius states that he "faces irreparable harm," but he does not identify how he will be harmed. Id. at 2. Though he expresses concern that "unchecked federal enforcement displaces lawful federalism and severs the intended balance among the People, the States, and the Constitution," id., that injury is not particularized to him. Indeed, Eccarius's complaint states only that he was involved in a labor dispute in 2021 that apparently gives rise to this case. See Compl. (dkt. 1) ¶¶ 9–14 (describing a labor grievance that Eccarius says gives rise to this case). It is far from clear that such a dispute gives Eccarius standing to challenge the operations of DOGE, of the U.S. military, or of

United States District Court
Northern District of California

1    the National Guard.  <u>See</u> <u>Lujan v. Defs. of Wildlife</u>, 504 U.S. 555, 560–61 (1992)

2    (requiring among other elements that a plaintiff's injury be "particularized," that it be

3    "fairly traceable to the challenged action of the defendant," and that it be "'likely,' as

4    opposed to merely 'speculative,' that the injury will be 'redressed by a favorable

5    decision'" (cleaned up) (citations omitted)).

6         Eccarius's complaint purports to state a claim for denial of due process arising from

7    his labor dispute, and he seeks relief on that basis.  Compl. ¶¶ 16–18 & at 4.  Construed

8    liberally, such a claim does not obviously fail for lack of jurisdiction.  But Eccarius's

9    motion for a temporary restraining order seeks relief far beyond that—relief that he cannot

10   pursue.  Accordingly, the Court **DENIES** his motion for a temporary restraining order.

11        **IT IS SO ORDERED.**

12        Dated: June 24, 2025

13   _____
     CHARLES R. BREYER
     United States District Judge

United States District Court
Northern District of California

2