IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CARL ECCARIUS,<br>         Plaintiff,<br>     v.<br>UNITED STATES OF AMERICA,<br>         Defendant. | Case No.  25-cv-04668-CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Plaintiff Anthony Eccarius filed a labor grievance with the National Labor Relations Board ("NLRB") in May 2021. Compl. (dkt. 1) ¶ 9. After his grievance was denied, Eccarius filed petitions with various state agencies and federal courts—all the way to the U.S. Supreme Court. Id. ¶¶ 9–14. None of his efforts was successful. Id. Now Eccarius, proceeding pro se, filed an action in this Court against the United States based on three claims: (1) a violation of substantive and procedural due process under the Fourteenth Amendment, (2) a violation of the Tenth Amendment, and (3) a violation of the Equal Protection Clause of the Fourteenth Amendment. Id. ¶¶ 16–18.

The Government moves to dismiss for a lack of jurisdiction based on sovereign immunity and a failure to state a claim. See generally Mot. (dkt. 11). This Court grants the Government's motion with leave to amend.[1]

**I.     BACKGROUND AND PROCEDURAL HISTORY**

Eccarius is a U.S. citizen and a California resident. Compl. ¶ 6. In May 2021, Eccarius filed a labor grievance with the NLRB alleging unspecified violations of his

---

[1] Pursuant to Local Civil Rule 7-1(b), the Court decides this motion without oral argument.

constitutional rights.  Id. ¶ 9.  The NLRB promptly denied his grievance.  Id.  Undeterred, Eccarius filed petitions with the California Department of Fair Employment and Housing, the state Medical Board, and the Equal Employment Opportunity Commission—all were similarly rejected.  Id. at ¶ 10.

Eccarius then took his grievance to federal court, when he filed a habeas petition in this District for alleged "systemic agency inaction."  Compl. ¶ 11.  This, too, was summarily denied.  Id.  Eccarius' subsequent appeals to the Ninth Circuit and the Supreme Court also failed to bear fruit.  Id. ¶¶ 12, 14.  Eccarius even filed a complaint for judicial misconduct with the Eleventh Circuit, based on a pattern of alleged "judicial inaction across multiple circuits."  Id. ¶ 13.

Eventually, on June 3, 2025, Eccarius sought recourse in this District a second time, when he filed the instant action.  See Compl.  Eccarius brings three claims:  a violation of substantive and procedural due process under the Fourteenth Amendment, a violation of the Tenth Amendment, and a violation of the Equal Protection Clause of the Fourteenth Amendment.  Id. ¶¶ 16–18.  He requests declaratory relief for the alleged violations of his constitutional rights, injunctive relief to recognize his "access to a constitutional remedy," and "nominal damages in the amount of $21,000,000."  Id. at 4 (Request for Relief).  The Government moves to dismiss based on a lack of jurisdiction and a failure to state a claim.  Mot. at 2.

## II.     LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction over the asserted claims.  It is the plaintiff's burden to prove jurisdiction at the time the action is commenced.  Tosco Corp. v. Communities for Better Environment, 236 F.3d 495, 499 (9th Cir. 2001); Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief

that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citation omitted).

### III.    DISCUSSION

The Court grants the Government's motion to dismiss. In his complaint, Eccarius does not point to a waiver of sovereign immunity, which means there is a "jurisdictional bar" to this action. K.T. v. Pittsburg Unified Sch. Dist., 219 F. Supp. 3d 970, 977 (N.D. Cal. 2016) (citation omitted). Even if the Court did have jurisdiction, Eccarius fails to properly state a claim on which relief can be granted. All his claims are grounded in the Tenth and Fourteenth Amendments, neither of which permits claims against the United States. The Court gives Eccarius leave to amend his complaint.

####     A.    Lack of Jurisdiction

Sovereign immunity is the "axiomatic" principle that "the United States may not be sued without its consent." United States v. Mitchell, 463 U.S. 206, 212, 103 S. Ct. 2961, 2965, 77 L. Ed. 2d 580 (1983). It "is jurisdictional in nature, so there is no subject matter jurisdiction unless sovereign immunity has been waived." DaVinci Aircraft, Inc. v. United States, 926 F.3d 1117, 1127 (9th Cir. 2019) (quotation marks omitted). And it is "well understood that any waiver of sovereign immunity must be unequivocally expressed." Al-Haramain Islamic Found., Inc. v. Obama, 705 F.3d 845, 848 (9th Cir. 2012). "The party who sues the United States bears the burden of pointing to such an unequivocal waiver of immunity." Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983).

The Government argues that Eccarius fails to meet this burden by not making "any showing that the federal government waived sovereign immunity" in his complaint. Mot. at 6. And the Government is correct. Eccarius points to three laws in his attempt to establish jurisdiction: 28 U.S.C. § 1331, 42 U.S.C. § 1983, and Rule 83 of the Federal Rules of Civil Procedure. Compl. ¶ 4. But none of these statutes provides an unequivocal

3

waiver to sovereign immunity. See, e.g., Gabriel v. Gen. Servs. Admin., 547 F. App'x 829, 831 (9th Cir. 2013) ("[W]e have consistently held that § 1331 'does not waive the government's sovereign immunity from suit.'"); Browne v. Gossett, 259 F. App'x 928, 929 (9th Cir. 2007) ("[Section] 1983 does not constitute a waiver of sovereign immunity."); cf. Smith v. Goodwin, No. CIV 06-1940-PHX-MHM, 2007 WL 9724818, at *2 (D. Ariz. July 13, 2007) ("[T]he Federal Rules of Civil Procedure cannot establish jurisdiction where sovereign immunity applies.). Notably, Rule 83, which permits district courts to adopt local rules consistent with federal statutes, does not even mention sovereign immunity—let alone a waiver of it. See Fed. R. Civ. P. 83.

Eccarius ignores the Government's arguments, choosing to pivot to 28 U.S.C. § 1361 and Section 702 of the Administrative Procedure Act ("APA"), neither of which were in Eccarius' complaint. Opp. (dkt. 12) at 1–2. At the outset, the Court should not consider these statutes for jurisdictional purposes because allegations "raised for the first time in the briefing are not considered in determining the sufficiency of the complaint." Cf. Diamond S.J. Enter., Inc. v. City of San Jose, No. 18-CV-01353, 2018 WL 5619746, at *6 (N.D. Cal. Oct. 29, 2018). Even if the Court considered these statutes, it is unclear at this stage whether the Court would have jurisdiction. For starters, courts are clear that 28 U.S.C. § 1361 "does not waive the United States' sovereign immunity." Craig v. Lowe, 108 F.3d 1384 (9th Cir. 1997). Further, while Eccarius is correct that Section 702 of the APA waives sovereign immunity, it does not waive immunity from monetary relief. See 5 U.S.C. § 702 (permitting an action "seeking relief other than money damages" against an agency).

Even if Eccarius were to proceed with just his requests for declaratory and injunctive relief, the APA may not apply to all the issues alleged. Section 702 only applies to judicial review of a "final agency action." State ex rel. Att'y Gen. v. Fed. Emergency Mgmt. Agency, 78 F. Supp. 2d 1111, 1123 (D. Haw. 1999). Here, due to the lack of details in the complaint, it is unclear what the aggrieved agency action was or even whether it was final, which goes to the question of whether Eccarius adequately alleged

"exhaustion of administrative remedies." Weimer v. Google Inc., No. CV 18-78-M-DLC-JCL, 2018 WL 6047882, at *3 (D. Mont. Aug. 17, 2018), report and recommendation adopted, No. CV 18-78-M-DLC-JCL, 2018 WL 5278707 (D. Mont. Oct. 24, 2018), aff'd, 829 F. App'x 296 (9th Cir. 2020); see 5 U.S.C. § 704 (requiring finality for reviewable agency actions). And to the extent that Eccarius seeks relief under Section 702 from judicial action, he would go beyond the scope of the APA and its sovereign immunity waiver. See Compl. ¶ 1 (seeking redress from "the willful failure of federal institutions—including the judiciary").

Nevertheless, at bottom, it is apparent on the face of the pleadings that sovereign immunity bars Eccarius' suit, at least for damages. The Court does not fully engage with the jurisdictional arguments Eccarius belatedly makes in his briefing because the Government's argument for a failure to state a claim carries the day.

### B.  Failure to State a Claim

The Government's 12(b)(6) argument is straightforward: claims premised on the Tenth and Fourteenth Amendments against the United States "are not cognizable." Mot. at 8–9. Because Eccarius grounds his three claims in these two Amendments, the Court grants the Government's motion. Compl. ¶¶ 16–18.

The Ninth Circuit has been clear that the Tenth Amendment is "neither a source of federal authority nor a fount of individual constitutional rights." Stone v. City of Prescott, 173 F.3d 1172, 1175 (9th Cir. 1999) (emphasis added). It "does not permit a private right of action." Jensen v. Biden, No. 4:21-CV-5119-TOR, 2021 WL 10280395, at *5 (E.D. Wash. Nov. 19, 2021). Similarly, "the Fourteenth Amendment does not apply to the federal government; it only applies to the states." Quansah v. United States Postal Serv., No. 5:15-CV-02571, 2015 WL 8130470, at *5 (N.D. Cal. Dec. 8, 2015).

Eccarius fails to address these points. Instead, he insists that his complaint "alleges specific facts establishing violations" of the two amendments. Opp. at 2. Even though the Court disagrees with this characterization of detail, Eccarius' argument misses the mark. He provides no reason or law that would permit an action against the United States based

1  on the Tenth and Fourteenth Amendments.  Accordingly, Eccarius' complaint fails to state
2  a claim upon which relief could be granted.

3  **IV.    CONCLUSION**
4        For the foregoing reasons, the Court GRANTS the Government's motion to dismiss
5  with leave to amend.  Eccarius may file an amended complaint within 45 days of an order.
6  The Court will dismiss with prejudice if Eccarius fails to file within that timeframe.

7        **IT IS SO ORDERED.**
8        Dated: September 23, 2025



CHARLES R. BREYER
United States District Judge