1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CARL ECCARIUS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No.  25-cv-04668-CRB<br><br>**ORDER GRANTING MOTIONS TO DISMISS** |

This is Plaintiff Anthony Eccarius' second bite at the apple.  He filed a labor grievance with the National Labor Relations Board ("NLRB") in May 2021.  FAC (dkt. 19) ¶ 17.  After the NLRB denied his grievance, Eccarius filed petitions with various state agencies and federal courts—all the way to the U.S. Supreme Court.  See id. ¶¶ 17–23.  None of his efforts was successful.  Id.  Eccarius, proceeding pro se, filed an action in this Court against the United States alleging Tenth and Fourteenth Amendment violations.  See Compl. (dkt. 1).  The Government moved to dismiss for a lack of jurisdiction based on sovereign immunity and a failure to state a claim.  See MTD (dkt. 11).  This Court granted the motion to dismiss based on both grounds, with leave to amend.  Order (dkt. 21) at 1.  Eccarius then filed an amended complaint, removing the United States as a defendant and adding unnamed officers and officials of the NLRB and Mendocino County as defendants.  See FAC.  The Government now moves to dismiss.  Mot. (dkt. 22).  Mendocino County also filed a motion to quash service or dismiss.  Mendocino Mot. (dkt. 30).  The Court GRANTS the Government's motion, as well as Mendocino County's motion, and

1    dismisses with prejudice.[1]

2    **I.      BACKGROUND AND PROCEDURAL HISTORY**

3            Eccarius is a U.S. citizen and a California resident.  FAC ¶ 13.  In May 2021,

4    Eccarius filed a labor grievance with the NLRB invoking the Tenth Amendment and

5    "emphasizing sovereignty 'to the people.'"  Id. ¶ 17.  The NLRB promptly denied his

6    grievance.  Id.  Undeterred, Eccarius filed petitions with the California Department of Fair

7    Employment and Housing, the state Medical Board, and the Equal Employment

8    Opportunity Commission—all were rejected.  FAC ¶ 18.

9            Eccarius then took his grievance to federal court, when he filed a habeas petition in

10   this District for alleged "systemic agency inaction."  Id. ¶ 19.  The district court summarily

11   denied the petition.  Id.  Eccarius' subsequent appeals to the Ninth Circuit and the Supreme

12   Court also failed to bear fruit.  Id. ¶¶ 20, 22.  Eccarius' Supreme Court petition identified

13   officers and officials of Mendocino County as responsible for denying his equal protection

14   while acting under color of state law.  Id. ¶ 22.

15           Eventually, on June 3, 2025, Eccarius sought recourse in this District a second time,

16   when he filed the instant action.  See Compl.  Eccarius brought three claims: a violation of

17   substantive and procedural due process under the Fourteenth Amendment, a violation of

18   the Tenth Amendment, and a violation of the Equal Protection Clause of the Fourteenth

19   Amendment.  Id. ¶¶ 16–18.  He requested declaratory relief for alleged violations of his

20   constitutional rights, injunctive relief to recognize his "access to a constitutional remedy,"

21   and "nominal damages in the amount of $21,000,000."  Id. at 4 (Request for Relief).  He

22   further filed a Notice of Supplemental Authority citing the Fifth Circuit's decision in

23   SpaceX v. NLRB, and claimed the NLRB is unconstitutional.  FAC ¶ 21.  The

24   Government moved to dismiss based on a lack of jurisdiction and a failure to state a claim.

25   MTD at 2.

26           This Court granted the motion to dismiss on both grounds, with leave to amend.

United States District Court
Northern District of California

---

[1] The Court determines these motions without a hearing.  Civil L.R. 7-1(b).

Order at 1.  First, this Court determined it did not have jurisdiction over Eccarius' claims against the Government because Eccarius failed to show that the Government waived its sovereign immunity.  Id. at 3–5.  The Court noted that the statutes Eccarius pointed to in his complaint to establish a waiver of sovereign immunity were not applicable to his claims.  Id. at 4–5.  Second, this Court held that Eccarius failed to state a claim for relief under the Tenth and Fourteenth Amendments because there is no private right of action under the Tenth Amendment and the Fourteenth Amendment does not apply to the federal government.  Order at 5–6.

Eccarius subsequently filed his amended complaint.  See FAC.  Eccarius still brings Tenth Amendment claims despite this Court's prior order.  Id. ¶ 27.  Eccarius also adds a Fifth Amendment claim which is grounded in the Government's alleged refusal to address his filings, in which he invoked Tenth Amendment claims.  Id. ¶ 24.  Additionally, he now omits the United States as a defendant and names unnamed officers and officials of the NLRB and Mendocino County.  See id.  Though judicial entities are not named as defendants, Eccarius also appears to direct his Fifth and Tenth Amendment claims at those entities, including this Court.  Id. ¶¶ 19–21, 24–25.  The amended complaint refers to the NLRB and judicial officials collectively as the "Federal Defendants."  Id. ¶¶ 24–25.  Additionally, Eccarius bases the official capacity claims against Federal Defendants under the Administrative Procedure Act ("APA").  Id. ¶ 10.  He also alleges individual capacity claims for damages against the Federal Defendants under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  Id. ¶¶ 6, 7, 10.  The Government now moves to dismiss all claims against the Federal Defendants.  See Mot.  And Mendocino County moves to quash service or dismiss.² See Mendocino Mot.  In response to the motions, Eccarius only filed a statement of non-opposition to the Government's motion that clarifies his position that the Tenth Amendment grants him a private right of action.  Non-Opp'n (dkt. 23).  Eccarius did not file a response to

---

² Given that Eccarius has asked for reissuance of summons (dkt. 31), the Court only considers Mendocino County's motion to dismiss.

1   Mendocino County's motion to dismiss.

2   **II.    LEGAL STANDARD**

3           A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the

4   court's subject matter jurisdiction over the asserted claims.  It is the plaintiff's burden to

5   prove jurisdiction at the time the action is commenced.  <u>Tosco Corp. v. Communities for</u>

6   <u>Better Environment</u>, 236 F.3d 495, 499 (9th Cir. 2001); <u>Morongo Band of Mission Indians</u>

7   <u>v. Cal. State Bd. of Equalization</u>, 858 F.2d 1376, 1380 (9th Cir. 1988).

8           Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a

9   complaint if it fails to state a claim upon which relief can be granted.  To survive a Rule

10  12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief

11  that is plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  A

12  claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the

13  reasonable inference that the defendant is liable for the misconduct alleged."  <u>Ashcroft v.</u>

14  <u>Iqbal</u>, 556 U.S. 662, 678 (2009) (citation omitted).

15  **III.    DISCUSSION**

16          The Government moves to dismiss the amended complaint based on a lack of

17  jurisdiction and a failure to state a claim.  <u>See</u> Mot.  First, the Government argues

18  Eccarius' official capacity claims should be dismissed for a lack of jurisdiction because the

19  complaint, despite invoking jurisdiction under the APA, still does not show that the

20  Government has waived its sovereign immunity.  <u>Id.</u> at 5–6.  Second, the Government

21  argues Eccarius' Tenth Amendment claims should be dismissed for a failure to state a

22  claim because, as this Court has previously ruled, there is no general private right of action

23  under the Tenth Amendment.  <u>Id.</u> at 6.  Third, the Government argues that the Fifth

24  Amendment due process claim should be dismissed for lack of jurisdiction because it is

25  grounded in the Federal Defendants' failure to consider Eccarius' Tenth Amendment

26  claims.  <u>Id.</u> at 7.  Fourth, the Government asserts that Eccarius' Fifth Amendment equal

27  protection claim should be dismissed because it does not state a plausible claim for relief.

28  <u>Id.</u> at 8.  Additionally, the Government filed a Statement of Interest, pursuant to 28 U.S.C.

United States District Court
Northern District of California

4

§ 517, asking the Court to dismiss, <u>sua</u> <u>sponte</u>, all individual capacity claims against the Federal Defendants.  <u>Id.</u> at 8–10.  Mendocino County also moves to dismiss based on a lack of factual allegations necessary to state a claim.  Mendocino Mot. at 7.  The Court dismisses the claims against the Federal Defendants in both their official and individual capacities as well as the claims against Mendocino County and its officers.

### A.    Lack of Jurisdiction

First, the Government argues this Court lacks jurisdiction over Eccarius' official capacity due process claims against the Federal Defendants because Eccarius has not shown a waiver of sovereign immunity.  Mot. at 5.  Sovereign immunity is the "axiomatic" principle that "the United States may not be sued without its consent."  <u>United States v. Mitchell</u>, 463 U.S. 206, 212 (1983).  It "is jurisdictional in nature, so there is no subject matter jurisdiction unless sovereign immunity has been waived."  <u>DaVinci Aircraft, Inc. v. United States</u>, 926 F.3d 1117, 1127 (9th Cir. 2019) (quotation marks omitted).  "This immunity also extends to federal officers sued in their official capacity."  <u>Scholl v. Mnuchin</u>, 494 F. Supp. 3d 661, 678 (N.D. Cal. 2020).  And it is "well understood that any waiver of sovereign immunity must be unequivocally expressed."  <u>Al-Haramain Islamic Found., Inc. v. Obama</u>, 705 F.3d 845, 848 (9th Cir. 2012).  The plaintiff "bears the burden of pointing to such an unequivocal waiver of immunity."  <u>Holloman v. Watt</u>, 708 F.2d 1399, 1401 (9th Cir. 1983).

Eccarius alleges the Federal Defendants violated his due process by refusing to address his May 16, 2021, NLRB grievance and subsequent federal court filings relating to the NLRB's denial of his grievance.  FAC ¶¶ 17–21.  The complaint brings the official capacity due process claims against the Federal Defendants under 5 U.S.C. § 702 and seeks monetary, declaratory, and injunctive relief.  <u>Id.</u> ¶ 10.  But this Court has already held that Section 702 does not waive immunity for monetary relief.  Order at 4 (citing 5 U.S.C. § 702).  Moreover, the waiver of sovereign immunity under Section 702 only applies to judicial review of a "final agency action."  <u>Id.</u> (citing <u>State ex rel. Att'y Gen. v. Fed. Emergency Mgmt. Agency</u>, 78 F.Supp.2d 1111, 1123 (D. Haw. 1999)).

Eccarius fails to allege there was a reviewable final agency action. The only allegation regarding the NLRB's actions included in the complaint is that "Plaintiff filed a grievance with the NLRB (Case No. 20- CA-276495), invoking the Tenth Amendment and emphasizing sovereignty 'to the People.' The grievance was denied May 24, 2021, without addressing the constitutional claims." FAC ¶ 17. The complaint does not allege any facts about what the grievance was, why the NLRB denied it, and whether the denial constituted a final, non-appealable decision. See id. As this Court has previously stated, these allegations are insufficient to plausibly plead that the due process claims relate to a final agency action and that Eccarius did in fact exhaust his administrative remedies.[3] Order at 4–5. Eccarius makes no attempt to argue that his complaint plausibly alleges a waiver of sovereign immunity. See Non-Opp'n.

Accordingly, the Court agrees with the Government that there is a lack of jurisdiction based on sovereign immunity for monetary relief.

### B.    Failure to State a Claim

Next, the Government moves to dismiss Eccarius' Fifth and Tenth Amendment claims against the Federal Defendants for a failure to state a claim. Mot. at 6–8. For the reasons outlined below, the Court dismisses Eccarius' Fifth and Tenth Amendment official capacity claims against the Federal Defendants.

#### 1.    Tenth Amendment claims

Second, the Government argues that Eccarius' Tenth Amendment claim should be dismissed because there is no private right of action under the Tenth Amendment. Id. at 6. Eccarius seeks a declaratory recognition of reserved sovereignty under the Tenth Amendment. FAC ¶ 27. As this Court previously held, there is no general private right of action under the Tenth Amendment. Order at 5; see Stone v. City of Prescott, 173 F.3d

---

[3] As the Government explains in its motion, Eccarius seems to allege that this Court violated his due process rights by disregarding his Notice of Supplemental Authority in this Court's previous Order. Eccarius does not name this Court as a defendant. Regardless, Section 702's waiver of sovereign immunity does not apply to judicial action. Order at 5; see 5 U.S.C. § 702 (only applies to agency action, not judicial action).

United States District Court
Northern District of California

1172, 1174 (9th Cir. 1999) (The Tenth Amendment is "neither a source of authority nor a fount of individual rights.").

Eccarius responds that, in interpreting the Tenth Amendment, the Government in its motion, and this Court in its Order, ignored the phrase "or to the people." Non-Opp'n at 2–3. Eccarius argues this language establishes the people as being an "independent source of sovereignty." Id at 2. However, Eccarius does not explain why this language creates a general private right of action under the Tenth Amendment or what specifically that right of action would be.[4] See id. Nonetheless, this Court cannot overturn binding precedent holding there is no general private right of action under the Tenth Amendment. See Stone, 173 F.3d at 1174; cf. Bond v. United States, 572 U.S. 844, 853 (2014) (clarifying that an individual can only bring a Tenth Amendment challenge based on "governmental action taken in excess of the authority federalism defines" (cleaned up)).

Accordingly, the Court dismisses Eccarius' Tenth Amendment claims.

### 2.    Fifth Amendment Due Process Claim

Third, the Government argues that Eccarius' Fifth Amendment due process claim should be dismissed because it is unsupported by any factual allegations establishing the Federal Defendants violated his due process. Mot. at 7. Eccarius bases the due process claim on the Federal Defendants' refusal to address his constitutional filings, which allegedly denied him access to a fair hearing and remedy. FAC ¶ 24. Eccarius, however, does not identify why his previous proceedings were dismissed or allege any conduct from the Federal Defendants that rises to the level of a due process violation. See generally FAC. And he makes no attempt to explain how the complaint sufficiently alleges a Fifth Amendment due process claim. See Non-Opp'n.

Moreover, Eccarius' due process allegations are, at least in part, grounded in the Federal Defendants' failure to consider his Tenth Amendment claims. FAC ¶ 24. As

---

[4] Eccarius filed a subsequent motion for leave to file supplemental authority that further explains his textual disagreements with the Ninth Circuit in Stone. Dkt. 29. The Court grants the motion but notes that it does not provide any basis in law for why the Court can disagree with circuit precedent.

United States District Court
Northern District of California

explained above, there is no general private right of action under the Tenth Amendment.  It follows that there cannot be a due process violation for failing to recognize one's invocation of a constitutional right that does not exist.  <u>Dorfmont v. Brown</u>, 913 F.2d 1399, 1403 (9th Cir. 1990) ("Where there is no right, no process is due under the Constitution."). Accordingly, insofar as Eccarius' due process claim is based on a failure to consider his Tenth Amendment claims, it is also dismissed.

As a result, the Court dismisses Eccarius Fifth Amendment due process claims.

### 3.    Fifth Amendment Equal Protection Claim

Third, the Government asserts that Eccarius fails to state a Fifth Amendment equal protection claim.  Mot. at 8.  A liberal reading of the complaint suggests Eccarius is alleging NLRB officers violated his right to equal protection under the law by denying his grievance.  FAC ¶¶ 17–21.  Eccarius alleges an equal protection violation because the Federal Defendants refused to give him the same legal consideration they have afforded to "institutional litigants" such as SpaceX.  <u>Id.</u> at ¶ 25.

But Eccarius does not allege what his grievance was or why the NLRB rejected it, let alone any conduct that might suggest disparate treatment.[5]  <u>See id.</u>  At bottom, the factual allegations in the complaint do not support a plausible equal protection claim against the Federal Defendants.  Accordingly, the Court dismisses Eccarius' Fifth Amendment equal protection claim against the Federal Defendants in their official capacities.

### C.    Individual Capacity Claims

The Government filed a statement of interest pursuant to 28 U.S.C. § 517 asking the Court to dismiss, <u>sua sponte</u>, Eccarius' constitutional claims against the Federal Defendants in their individual capacities.  Mot. at 8.  Eccarius alleges Fifth and Tenth

---

[5] To the extent Eccarius is claiming that judicial decisions violated his equal protection, judicial conduct is subject to absolute judicial immunity against claims for damages.  <u>See</u> <u>Davis v. Seeborg</u>, No. 21-cv-01287-CRB, 2021 WL 1012174, at *2 (N.D. Cal. Mar. 3, 2021).  Regarding Eccarius' claims for other forms of relief, as explained above, his sole allegation that judicial officers did not consider his Tenth Amendment claims does not support a plausible due process violation.  <u>See</u> <u>Brown</u>, 913 F.2d at 1403.

United States District Court
Northern District of California

Amendment claims against NLRB officials, and unnamed federal judicial officials, in their individual capacities under <u>Bivens</u>.  FAC ¶¶ 7, 24–27.  Under Section 517, the Department of Justice may attend to any interest of the United States, even when the United States is not named in the lawsuit.  <u>See</u> <u>Nguyen v. United States</u>, 2022 WL 22972992, at *1 (C.D. Cal. Dec. 6, 2022) (citing 28 U.S.C. § 517).  The Government contends the United States has an interest in this action to object to Eccarius' claims against federal officials, which interfere with the orderly administration of justice.  Mot. at 8.  A court may dismiss a complaint <u>sua</u> <u>sponte</u> where a "plaintiff cannot possibly win relief."  <u>Omar v. Sea-Land Serv., Inc.</u>, 813 F.2d 986, 991 (9th. Cir. 1987).  The Government contends that Eccarius' individual capacity claims should be dismissed since it would create a new <u>Bivens</u> context and be barred by qualified immunity.  Mot. at 8–9.  The Court agrees.

### 1.  <u>Bivens</u>

The Government first argues that Eccarius' <u>Bivens</u> claim against the Federal Defendants in their individual capacities should be dismissed because it would require the Court to extend <u>Bivens</u> to a new context.  Mot. at 9.  The complaint invokes <u>Bivens</u> to establish a claim for monetary damages against the Federal Defendants in their individual capacities for Fifth and Tenth Amendment violations.  FAC ¶¶ 17, 24–27.  In <u>Bivens</u>, the Supreme Court ruled that there was an implied cause of action for damages under the Fourth Amendment when federal agents assaulted a plaintiff and his family during an illegal search and seizure.  <u>Bivens</u>, 403 U.S. at 397.  The Supreme Court has allowed a damages claim for a constitutional violation in only two other instances: "first, for a former congressional staffer's Fifth Amendment sex-discrimination claim, <u>see</u> <u>Davis v. Passman</u>, 442 U.S. 228, 231(1979); and second, for a federal prisoner's inadequate-care claim under the Eighth Amendment, <u>see</u> <u>Carlson v. Green</u>, 446 U.S. 14, 15 (1980)."  <u>Egbert v. Boule</u>, 596 U.S. 482, 490–91 (2022).

The Supreme Court recently reiterated that <u>Bivens</u> is an extraordinary remedy that should be sparingly used and the Judiciary's authority to approve any new <u>Bivens</u> remedy is "at best, uncertain."  <u>Egbert</u>, 596 U.S. at 491, 497 (citing <u>Hernandez v. Mesa</u>, 589 U.S.

93, 100 (2020)).  Indeed, the Supreme Court has declined to imply a new <u>Bivens</u> remedy eleven times over the past 42 years.  <u>Id.</u> at 486.

There is a two-step test for determining whether a court may establish a new <u>Bivens</u> remedy.  <u>Egbert</u>, 596 U.S. at 492.  First, a court should assess whether the proposed <u>Bivens</u> claim is "meaningfully different from the three cases in which the [Supreme] Court has implied a damages action."  <u>Id.</u>  Then, if the case is meaningfully different, the court should assess whether there are "special factors" that indicate "the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'"  <u>Id.</u> (quoting <u>Ziglar v. Abbasi</u>, 582 U.S. 120, 136 (2017)).  The answer in almost every case is the same: "no <u>Bivens</u> action may lie."  <u>Id.</u>  That is because "any rational reason (even one)" to defer to Congress's judgment forecloses a <u>Bivens</u> remedy.  <u>Id.</u> at 496.  Accordingly, the Ninth Circuit has recently observed that "most claims seeking to expand <u>Bivens</u> are dead on arrival."  <u>Chambers v. C. Herrera</u>, 78 F.4th 1100, 1103 (9th Cir. 2023) (cleaned up).

Here, Eccarius seeks a <u>Bivens</u> remedy for violations of the Fifth and Tenth Amendments, related to federal officials' failure to address his previous filings.  FAC ¶¶ 24–25.  This clearly presents a new <u>Bivens</u> context and is dead on arrival.  <u>See</u> <u>Abbasi</u>, 582 U.S. at 126.  Moreover, this new context is squarely in Congress's domain.  Eccarius' claims center around a federal agency and congressionally-enacted administrative procedure.  And Eccarius provides no justification for why this Court should expand <u>Bivens</u> here.  <u>See</u> Non-Opp'n.  Therefore, this Court declines to create a new <u>Bivens</u> remedy to cover Eccarius' claims against Federal Defendants.

Accordingly, because Eccarius cannot possibly prevail under <u>Bivens</u>, this Court, <u>sua sponte</u>, dismisses Eccarius' individual capacity claims and does not reach the Government's qualified immunity argument.

### D.    Mendocino County's Motion to Dismiss

Mendocino County argues that Eccarius' third cause of action, which alleges an Equal Protection violation against the county and its officers, does not contain any factual

allegations that would be sufficient to state a claim.  Mendocino Mot. at 7.  The Court agrees.  Eccarius only alleges "Mendocino County officers and officials, acting under color of state law, deprived [Eccarius] of constitutional rights including equal protection and access to remedy."  FAC ¶ 26.  But that is a mere legal conclusion and is insufficient to survive a motion to dismiss.  See Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009) ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.").  Accordingly, the Court grants Mendocino County's motion to dismiss.

### E.    Dismissal with Prejudice

A court may deny leave to amend after considering factors such as "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings."  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir.1995).  Here, the factors support dismissal with prejudice.  Eccarius has already amended his complaint with the benefit of the Court's prior ruling granting the Government's earlier motion to dismiss.  Rather than remedying the identified deficiencies, Eccarius provided additional irrelevant argument and refused to provide relevant facts to support his claims.  As discussed, there are significant obstacles that broadly bar Eccarius' claims that he has entirely failed to address, even in supplemental filings.  Consequently, the Court determines that amendment would be futile.

## IV.    CONCLUSION

For the foregoing reasons, this Court GRANTS the Government's motion to dismiss and Mendocino County's motion to dismiss with prejudice.

**IT IS SO ORDERED.**

Dated: January 5, 2026

CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California

11